TOMPKINS, appellant, v. HODGSON.

*Highway — easement of public — erection of soldiers' monument in.*

The trustees of a village authorized the erection of a soldiers' monument in one of the public streets. *Held,* that they could do so without the consent of the owner of the fee.

APPEAL from a judgment in favor of defendants in an action, tried at the special term before the court, without a jury. The action was brought in Westchester county, by J. Warren Tompkins against Valentine Hodgson, president of the board of trustees of the village of White Plains, and Elisha P. Ferris, to compel the removal of a monument erected in one of the streets of said village in front of plaintiff's lands. The court before whom the action was tried found the following facts:

That Broadway in the town of White Plains has been a public highway for over fifty years, having been taken by law and dedicated as such; that it was about two hundred and seventy-eight feet wide opposite plaintiff's premises, and has always been of this width. That the plaintiff owns a piece of land fronting on the street two hundred and fifty feet, and his deed entitles him to a fee to the center of the street, subject to the rights of the public in the highway. That the incorporated village of White Plains includes Broadway so far as it fronts on plaintiff's premises. That under chapter 1855, Laws of 1869, the town of White Plains raised money, by tax, to build a soldiers' monument in honor of the soldiers of said town who perished during the late rebellion. That the town officers, with the consent of the village authorities, erected the monument in that part of Broadway fronting on plaintiff's land, near the center of the street, but entirely on the plaintiff's side of the center. That the defendant, Hodgson, and the defendant, Ferris, the former as president of the Veteran Association, and the latter as president of the Village of White Plains, did acts in reference to the building of said monument sufficient to make each liable for a trespass on plaintiff, if the building of such monument was a trespass. That the place covered by the monument is not needed by the public for travel thereupon, and has not been actually traveled over. That the monument is a great ornament to the place where it is erected.

The court found as a conclusion of law, that the building of said monument was not, and the continuance is not, an infringement on the rights of the plaintiff, and that the complaint be dismissed, with costs.

*J. W. Tompkins,* appellant, in person.

*J. O. Dyckman,* for respondents.

TAPPEN, J. The plaintiff is a property owner and resident of the village of White Plains, in the county of Westchester. By the act of May 11, 1869 (chapter 855), authority was given to raise money by tax, to be issued under certain regulations, for the purpose of erecting a pubic monument within the town or county in memory of the soldiers of such town or county or in commemoration of any public person or event.

A sum of $1,600 was thus raised by the town of White Plains, the provisions of the law in other respects complied with, and the consent of the trustees of the village of White Plains given, "to the erection of said monument on Broadway at a point nearly opposite Railroad avenue," and authorizing the town authorities to grade the ground for said monument, under the direction of the committee on roads and bridges, provided such grading should not interfere with any existing carriage-way on Broadway.

The defendants, under this authority, made suitable contracts, and a soldiers' monument was put up on Broadway, opposite the plaintiff's premises, and he brings this action, claiming that the structure is for a new purpose, foreign to the right of the public in the highway, and that it is a nuisance and a trespass as regards the plaintiff's property and residence, and asking the judgment of the court, that the defendants be compelled to remove the monument and all the materials used in its erection, and that they be restrained from continuing the same on the plaintiff's land on said highway.

By the facts established at the trial, it appears that Broadway has been for over fifty years a highway of the width of 278 feet opposite plaintiff's premises; that plaintiff owns a piece of land fronting 250 feet on the highway, and to the center thereof, subject to the rights of the public in the highway; that the monument on Broadway was in front of plaintiff's land, near the center of the

street, but entirely on the plaintiff's side of the center; that the space covered by the monument is not needed for public travel, and has not been actually traveled over; and that the monument is a great ornament to the place where it is erected.

By an ordinance of the village passed in May, 1871, "All that part of the street or avenue known as Broadway, except the constructed sidewalks and carriage-ways," was reserved as a public square or park. The carriage roads or tracks and footwalks are well defined on this wide piece of land called Broadway, and the land, not occupied by such roads or walks, is largely grown with trees, shrubbery and grass, and here, in an appropriate place the monument, in good taste and well designed, is erected.

The plaintiff asks the court not to take judicial notice of the beauty of the monument, and says it is not beautiful. It is on a mound about fifty-eight feet square and four feet high, and consists of a base and a metallic figure, together sixteen feet high.

The chief question is, have the trustees of the village, who have control of the streets for public use, the power to make this use of this highway?

When it is considered that highways are public for other purposes than traveling, for shade trees and sidewalks by legislative enactment, and for sewers, lamps, gas and water pipes, public wells and cisterns, and that these uses are in harmony with the uses of a public highway when they do not obstruct travel; the further conclusion will readily be reached, that the law will sanction the erection of a work of art, such as an ornamental statue, without thereby trespassing in any respect on the rights of the owner of the soil, who holds strictly subordinate to public use.

Statues of men, and in commemoration of great public events are now considered as the legitimate belongings of public places; the statue of Franklin is in Printing House square, directly on a highway in New York city, and the statues of Washington and Lincoln are on the public street at the south of Union square, in that city. Cities, both ancient and modern, in the old world, give abundant proof, that statues, ornamental temples, obelisks, pillars and columns, have long been considered legitimate objects of public approval and admiration, and they are neither to be hid in a corner or placed where they cannot be seen. New discoveries make new uses, and telegraph poles run on highways all over the land.

The streets in a populous city or village may be appropriated to

other purposes than that of a mere place of passage; they may be used and appropriated for the promotion of the health, trade, commerce and convenience of the public, and it may be added, for any public use which is consistent and in harmony with their use as public highways. · *People* v. *Kerr*, 27 N. Y. 213; *Plant* v. *Long I. R. R. Co.*, 10 Barb. 26; *Chapman* v. *A. & S. R. R. Co.*, id. 360; *Milhau* v. *Sharp*, 15 id. 211 ; *Kelsey* v. *King*, 32 id. 417. The judgment for the defendant should be affirmed, with costs.

*Judgment affirmed.*